FRANK M. BRASCH, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF MARY C. BRASCH, DE-
CEASED, PLAINTIFF, v. NEW YORK AND LONG
BRANCH RAILROAD COMPANY, DEFENDANT.

Submitted May 16, 1930—Decided November 17, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the rule, *Applegate, Stevens, Foster & Reussille.*

*Contra, John J. Quinn* and *Theodore D. Parsons.*

PER CURIAM.

Plaintiff's intestate, while riding in an automobile, at-
tempted to cross a grade crossing of the railroad maintained
by the New York and Long Branch Railroad Company, near
Red Bank, was struck by a train operated by the Central Rail-
road Company of New Jersey and killed. The crossing was
protected by a crossing bell. Plaintiff brought his action
against both railroad companies and a trial of the action re-
sulted in a verdict in his favor of $9,000 against the New
York and Long Branch Railroad Company, and against him
and in favor of the Central Railroad Company of New Jersey.

The defendant, New York and Long Branch Railroad Com-
pany, has this rule and seeks to set aside the verdict against
it for three reasons.

1. That no negligence was established against it. This is
upon the contention that the crossing bell was ringing at the

time of the happening and that it was not established by the preponderance of the evidence.

With this we do not agree. From the proofs a fair jury question was presented and of such a character as does not warrant this court in setting aside the finding of the jury.

2. By the clear weight of the evidence plaintiff's decedent was guilty of contributory negligence.

We think this was a fair jury question and that the result reached should not be disturbed.

3. That the verdict is excessive.

We think it was fairly within the proofs and does not indicate that it is the result of passion, prejudice or mistake. Consequently it should not be disturbed.

The rule is discharged, with costs.